IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRYAN ANGLE, II,** | ) | |
| Plaintiff, | ) | Civil Action No. 12-249 Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| **LT. MIURN, et al,** | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that Plaintiff's motion for preliminary injunction be denied.

**II. REPORT**

    **A. Relevant Procedural History**

On November 30, 2012, Plaintiff, acting *pro se*, filed the instant civil rights action against Defendants Lt. Miurn and Sgt. Gibson, employees of SCI Forest. In his complaint, Plaintiff alleges that Defendants assaulted him during a cell extraction on July 7, 2011.

By letter filed on February 28, 2013, Plaintiff notified this Court of his change of address and requested that this Court order his release from the Special Management Unit program at SCI Fayette and his transfer back to SCI Forest. ECF No. 13. This Court has liberally construed this letter as a request for preliminary injunctive relief.

This Court held a telephonic hearing on March 19, 2013. Although the complaint has not yet been served upon Defendants, the Attorney General's office entered a special appearance for this hearing.

### B. Standard of Review

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986).

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010).

As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. Neo Gen Screening, Inc. v. TeleChem Intern., Inc., 69 Fed.Appx. 550, 554 (3d Cir. 2003). A sufficiently strong showing on either the likelihood of success or irreparable harm may justify an injunction, even if a movant's showing on the other two factors is lacking. Id. The burden of introducing evidence to support a preliminary injunction is on the moving party with respect to the first two factors; however, the same is not true of the second two factors. Id. Furthermore, because a preliminary injunction is an extraordinary remedy, and the party seeking it must show, at a minimum, a likelihood of success on the merits and that they likely face irreparable harm in

the absence of the injunction.  See Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000).

### C. Analysis

Plaintiff's request for preliminary injunctive relief should be denied. There is no relationship between Plaintiff's request for preliminary injunctive relief and the claims raised in the underlying complaint. Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010) (there must be "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Plaintiff has not demonstrated that he will suffer irreparable harm by his participation in the SMU, as it is his burden to do in support of a motion for preliminary injunctive relief. Moreover, this Court has no authority to remove Plaintiff from the SMU as his placement there is a matter reserved to the expertise of the correction's professionals. See Hewitt v. Helms, 459 U.S. 460, 468 (1983) ("It is plain that the transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence."); Montanye v. Haymes, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.").

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for preliminary injunction be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto.  See Fed.R.Civ.P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  March 25, 2013