# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRYAN ANGLE, II, | ) |
| Plaintiff, | ) Civil Action No. 1:12-cv-249 |
| v. | ) Judge Nora Barry Fischer |
| | ) Magistrate Judge Susan Paradise Baxter |
| LT. MIURN, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff, Bryan Angle, II, appeals the Magistrate Judge's Order (ECF No. 52), denying his Motion for Reconsideration (ECF No. 47) of the Order denying his Motion to Compel Discovery Responses. (ECF No. 41). For the reasons that follow, the Magistrate Judge's Order will be affirmed.

Plaintiff is an inmate at the State Correctional Institution ("SCI") at Forest, and brings this civil rights action against Defendants Lt. Miurn and Sgt. Gibson, employees of the Pennsylvania Department of Corrections, claiming that Defendants assaulted him during a cell extraction on July 7, 2011. The matter was referred to Magistrate Judge Susan Paradise Baxter for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rule 72 of the Local Rules for Magistrates.

On May 29, 2013, Magistrate Judge Baxter entered a Case Management Order which provided that discovery ended on August 27, 2013. (ECF No. 30). Defendants received Plaintiff's First Set of Interrogatories and Request for Documents on August 13, 2013, which were dated August 7, 2013. (ECF No. 45 at ¶ 4). Defendants did not respond because they were not provided with the required 30 days in which to do so pursuant to Rule 34(b)(2)(A) of the

1

Federal Rules of Civil Procedure. *Id*. at ¶¶ 5-6. Thereafter, on September 9, 2013, Plaintiff filed a Motion to Compel Discovery (ECF No. 41), and on September 19, 2013, Defendants filed a Response to the Motion. (ECF No. 45). On September 19, 2013, Magistrate Judge Baxter denied the Plaintiff's Motion due to the untimeliness of the Plaintiff's discovery requests since the discovery period had closed. (Text Order Entry dated September 19, 2013).

Plaintiff filed a Motion for Reconsideration on September 30, 2013, asserting that his discovery requests were mailed to Defendants on July 24, 2013 and were therefore timely. (ECF No. 47). Magistrate Judge Baxter held a hearing on the Plaintiff's Motion for Reconsideration on October 7, 2013, and denied the Plaintiff's request on the record. (ECF No. 52). This appeal followed. (ECF No. 56).

If a party is dissatisfied with a Magistrate Judge's non-dispositive ruling, it may appeal to the District Judge, who may reconsider and set aside the ruling only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also FED. R. CIV. P. 72(a); LCvR 72(C)(2); *Cipollone v. Liggett Group Inc.*, 785 F.2d 1108 (3d Cir. 1986). "District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes." *Halsey v. Pfeiffer*, 2010 WL 3735702 at *1 (D.N.J. 2010) (citing *Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997)). When a magistrate judge's decision involves a discretionary discovery matter, "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D.Pa. 2004) (citing *Scott Paper Co. v. United States*, 943 F.Supp. 501, 502 (E.D.Pa. 1996)). Under the "clearly erroneous" standard then, a magistrate judge's discovery ruling "is reversible only for abuse of discretion." *Halsey*, 2010

WL 3735702 at *1 (quoting *Kresefky v. Panasonic Commc'ns and Sys Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996).

The discovery dispute here centered on the date Defendants received Plaintiff's First Set of Interrogatories and Request for Documents. Plaintiff claimed that he initially mailed these discovery requests on July 24, 2013, and mailed a second copy after the Defendants failed to respond. (ECF No.59 at p. 3). Plaintiff argued that the Defendants actually received this discovery on July 30, 2013, and admitted as much in their correspondence to him. *Id*. at p. 8. However, the discovery request received by the Defendants on that date was actually a different discovery request in the form of a letter from the Plaintiff, to which the Defendants did in fact, respond. *Id*. at p. 9. Defendants continued to maintain that they did not receive Plaintiff's First Set of Interrogatories and Request for Documents until August 13, 2013, even though he claimed he sent it earlier. *Id*. at pp. 3, 9. Magistrate Judge Baxter concluded that Defendants had not received this particular discovery request in a timely manner and therefore, she denied the Plaintiff's motion. *Id*. at p. 11.[1]

Having carefully reviewed the Magistrate Judge's Order and the documents filed herein with respect to this discovery dispute, the Court concludes that Magistrate Judge Baxter's Order was neither clearly erroneous nor contrary to law. We further conclude that there has been no abuse of discretion. Accordingly, the Plaintiff's objections (styled as an Appeal) (ECF No. 56) are **OVERRULED**, and the Order of Magistrate Judge Baxter dated October 7, 2013 (ECF No. 52) is **AFFIRMED**.

IT IS SO ORDERED.

---

[1] Magistrate Judge Baxter further noted that the Defendants had provided documents in response to Plaintiff's letter request, even though it was not in the appropriate format. (ECF No. 59 at p. 10).

October 31, 2013                              s/Nora Barry Fischer
                                              Nora Barry Fischer
                                              United States District Judge


cc (via ECF email notification):

All counsel of record


cc (via First-Class U.S. Mail):

Bryan Angle, II
HY2333
SCI Forest
P.O. Box 945
Marienville, PA  16239